459 P.2d 716

Steve TESSITORE, Appellant,

v.

R. I. McGILVRA, Seymour B. Silverman, George Scharf, and Maurice Rosenthal, dba Diagnostic Laboratory and Diagnostic Laboratory, Appellees.

No. 9655.

Supreme Court of Arizona.

In Division.

Oct. 15, 1969.

Supplemental Opinion on Denial of Rehearing Dec. 3, 1969.

Finn, Meadow & Thrasher, by R. Y. Thrasher, Phoenix, for appellant.

Richard A. Black, Phoenix, for appellee McGilvra.

Jack M. Anderson, Phoenix, for appellees Silverman, Scharf, and Rosenthal, dba Diagnostic Laboratory and Diagnostic Laboratory.

LOCKWOOD, Vice Chief Justice.

This is an appeal from a summary judgment in favor of defendants below. The action is a medical malpractice action brought by Tessitore against a general practitioner, R. I. McGilvra, and three doctors, S. B. Silverman, G. Scharf, and M. Rosenthal, specializing in the practice of pathology under the name Diagnostic Laboratory. The action was brought pursuant to §§ 12–611 and 12–612, for alleged negligence of defendants as cause of the wrongful death of plaintiff's wife, Margaret Tessitore.

All the parties filed interrogatories, depositions and affidavits. The defendant McGilvra individually and defendants Silverman, Scharf and Rosenthal jointly filed motions for summary judgment. Defendant McGilvra's motion was granted and written judgment, stating there was no just reason for delay, was entered thereon on November 15, 1966. On January 5, 1967, the trial judge by minute entry granted the motion for summary judgment in favor of Silverman, Scharf and Rosenthal, dba Diagnostic Laboratory. However, no formal written judgment was entered as required by Rule 58(a) Rules of Civil Procedure, 16 A.R.S. No appeal lies therefore as to defendants Silverman, Scharf, and Rosenthal. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964). We thus consider only the appeal from the judgment in favor of defendant McGilvra.

On a motion for summary judgment it is the duty of the trial judge to determine, as a matter of law, whether there is a genuine issue as to any material fact. Rule 56(c) Rules of Civil Procedure, 16 A.R.S. If such an issue is present, summary judgment may not be granted.

On review of the granting of a motion for summary judgment, this Court must view the facts and inferences arising therefrom in the light most favorable to the party against whom the motion was granted. Viewed in this light, summary judgment should be denied if there is any doubt as to whether there are issues of fact to be litigated under any theory of liability advanced. Elerick v. Rocklin, 102 Ariz. 78, 425 P.2d 103 (1967).

The affidavits, interrogatories and depositions upon which summary judgment was granted show the following: In late December, 1960, the decedent, Mrs. Tessitore, went to defendant McGilvra, a medical doctor licensed to practice in Arizona, for the purpose of having a mole removed from her neck. Dr. McGilvra excised the mole and then forwarded it to the defendant laboratory for a pathology report. Defendant Silverman examined the tissue specimen and reported to Dr. McGilvra the following:

\* \* \* \* \* \*

"MICROSCOPIC: The specimen is covered by a thin stratified squamous epithelium showing a few foci of junctional activity. The stroma contains closely packed nests of nevus cells, predominently nonpigmented, the cells occasionally forming giant elements. *A very occasional mitotic figure is seen. There is no definite evidence of malignancy.*

"Portion of skin with partially pigmented compound (junction and dermal) nevus. *There is no definite evidence of malignancy.*

/s/ S. B. Silverman"
(Emphasis supplied.)

Medical experts testified that "mitotic figures" were an indication of malignancy.

At least one doctor stated that a pathology reporting "no definite evidence of malignancy" was "ambiguous" and would lead him to question whether or not there was any *indefinite* evidence of malignancy.

After receiving this report, Dr. McGilvra did nothing more except to caution Mrs. Tessitore to see him or another doctor in the event that there was further activity in the area of the mole. There was testimony that such a cautionary statement is not normal practice where malignancy is completely ruled out.

Slightly more than a year later, in January, 1962, the decedent went to Dr. McGilvra to confirm the fact of her fifth pregnancy and for treatment of a lump which had developed on her neck near the site of the mole. By April this lump had grown to the size of a golf ball and after tests indicated that it was not the result of an overactive thyroid, she was referred to Dr. Polson, a surgeon. After examining her, the surgeon placed Mrs. Tessitore in a hospital and later operated on her to remove an extremely malignant growth which had spread throughout her neck and upper chest region. Several days later he operated again; this time in the area of the previously removed mole, the existence of which had not come to his attention until after the first surgery.

On July 11, 1962, Mrs. Tessitore died of malignant melanoma. On the death certificate Dr. McGilvra listed the interval between onset of illness and death as nineteen months.

■■ The general rule in a medical malpractice case is that it is incumbent on the plaintiff to establish negligence on the part of a phsician or surgeon by expert medical testimony. This is accomplished by showing the standard of skill of average physicians in the community and that defendant failed to exercise this degree of skill. This breach of duty must then be shown to be the legal cause of the plaintiff's injuries. Stallcup v. Coscarart, 79 Ariz. 42, 282 P.2d 791 (1955). The exception to the requirement for expert medical testimony is where the negligence is so grossly apparent that a layman would have no difficulty in recognizing it. Revels v. Pohle, 101 Ariz. 208, 418 P.2d 364 (1966).

■ Plaintiff urges that this case presents a situation within the exception, i. e., that the defendant's negligence was so apparent that expert testimony is not necessary. We do not agree. Negligence of a doctor to be so gross that a layman could easily recognize it cannot be predicated on hindsight, that is, by presuming negligence after it is obvious that some injury resulted after an error on the part of the doctor. Here we have a fact question to be determined upon evidence to support plaintiff's claim that Dr. McGilvra did not exercise the proper degree of skill required.

Obviously there are unresolved questions of fact to be resolved by trial, e. g., whether the pathology report was ambiguous to the extent that Dr. McGilvra should have taken further action for diagnosis or treatment; also had he diagnosed the mole on Mrs. Tessitore's neck as a malignant melanoma in December 1960 or early in 1961, whether her life could have been saved or extended.[1]

■ There was sufficient medical testimony in the various instruments on file with the Superior Court to raise material issues of fact. Therefore, it was error for the trial court to grant defendant McGilvra's motion for summary judgment.

Appeal dismissed as to defendants Silverman, Scharf, Rosenthal and the Diagnostic Laboratory; judgment reversed and remanded as to defendant McGilvra.

McFARLAND and HAYS, JJ., concur.

---

[1]. Although there might be a question whether Dr. McGilvra was negligent in his care of Mrs. Tessitore in early 1962, the medical experts unanimously agreed that nothing could have been done at that time to save or extend her life longer than the six months she lived.