461 P.2d 675

**Steve TESSITORE, Appellant,**

v.

**R. I. McGILVRA, Seymour B. Silverman, George Scharf, and Maurice Rosenthal, dba Diagnostic Laboratory and Diagnostic Laboratory, Appellees.**

No. 9655.

Supreme Court of Arizona.

In Division.

Dec. 3, 1969.

Rehearing Denied Jan. 6, 1970

Finn & Meadow, by R. Y. Thrasher, Phoenix, for appellant.

Richard A. Black, Phoenix, for appellee, McGilvra.

Jack M. Anderson, Phoenix, for appellees, Silverman, Scharf and Rosenthal, dba Diagnostic Laboratory and Diagnostic Laboratory.

LOCKWOOD, Vice Chief Justice.

This opinion on rehearing is supplemental to our decision in Tessitore v. McGilvra, 105 Ariz. 91, 459 P.2d 716 (October 15, 1969). It is issued to correct an erroneous dismissal of the appeal in that case as to appellees Seymour B. Silverman, George Scharf, and Maurice Rosenthal, dba Diagnostic Laboratory and Diagnostic Laboratory.

In our previous opinion we dismissed the appeal as to these appellees because "no formal written judgment was entered as required by Rule 58(a) Rules of Civil Procedure, 16 A.R.S." On motion for rehearing appellant informs us that a formal written judgment was signed by a trial court judge and filed with the Clerk of the Superior Court.

The record on appeal in this case is not a model of procedure. Nowhere in

the designation of contents of record on appeal, nor in the abstract of record, nor in the Superior Court record on appeal is there any indication of a formal written summary judgment against Silverman, Scharf, Rosenthal or Diagnostic Laboratory, hereafter referred to as "the four defendants". Indeed, a purported copy of the written summary judgment in favor of defendant McGilvra in the abstract of record shows "Dated this _____ day of October, 1966" but does not indicate a signature by the judge. There is a notation in parenthesis "(Unsigned form mailed October 13, 1966)". Examination of the original judgment in the Superior Court file shows that it was signed by the judge and filed November 14, 1966.

Nowhere in the Superior Court file on appeal is there any written summary judgment signed by the judge, in favor of the four defendants. The only reference to such a judgment is found in a "Stipulation and Order" in the Court of Appeals file, reading:

"A summary judgment having been signed in this action pertaining to defendants Seymour B. Silverman, George Scharf and Maurice Rosenthal, dba Diagnostic Laboratory, it is hereby stipulated that the appeal as to these defendants may be joined with the former appeal in this Court No. 1 CA–CIV 587 in all respects and that the various documents and briefs heretofore filed may be determined to adequately represent the views of the above named defendants in this matter.

"It is expressly stipulated that no further pleading is desired to be submitted by the foregoing defendants and that these defendants are to have their interests determined in this appeal as though the judgment of March 28, 1968 had been signed and filed at the outset of this appeal.

\*    \*    \*    \*    \*    \*

"ORDER

"Upon the foregoing stipulation,

"IT IS ORDERED that the appeal as to the foregoing defendants is to be joined with the previous documents heretofore submitted in Case No. 1 CA–CIV 587.

"DONE IN OPEN COURT this 23rd day of April, 1968.

"s/ James Duke Cameron
"Judge of the Court of Appeals"

This stipulation and order was filed April 23, 1968, some eighteen months after the original appeal. This occurred after the Court of Appeals had on March 15, 1968, dismissed, without prejudice, that portion of appellant's purported appeal against the four defendants which was attempted without filing of a written judgment as required by Rule 58(a) Rules of Civil Procedure, 16 A.R.S.

In order to complete the record we ascertained from the Clerk of the Superior Court that the judgment referred to in the stipulation had actually been signed and filed on March 28, 1968, and notice of appeal therefrom was filed April 10, 1968. Neither document was filed in the Court of Appeals. On our request the Clerk of the Superior Court completed the record by transmitting these documents to this Court on November 19, 1969.

Regardless of the esoteric nature of the appeal against the four defendants, since it exists, it is our duty to examine it upon its merits.

Summary judgment was granted in favor of both sets of appellees in this case. In our previous opinion we held that it was reversible error for the trial court to grant summary judgment in favor of defendant McGilvra. We now hold that it was also reversible error for the trial court to grant summary judgment in favor of defendants Silverman, Scharf, Rosenthal, and Diagnostic Laboratory.

In Boozer v. Arizona Country Club, 102 Ariz. 544, 434 P.2d 630 (1967), we stated that:

"[e]ven in cases where the [trial] judge is of [the] opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment." 102 Ariz. at 550, 434 P.2d at 636.

In Elson Development Co. v. Arizona Savings and Loan Ass'n, 99 Ariz. 217, 407 P.2d 930 (1965), we stated that:

"A motion for summary judgment is granted erroneously if on an examination of the entire record it is found that any disputed fact issue exists which could, if true, affect the final judgment." 99 Ariz. at 220, 407 P.2d at 932.

An examination of the record in this case, shows that there are disputed fact issues as to appellees Silverman, Scharf, Rosenthal and Diagnostic Laboratory which could, if true, affect the final judgment.

■ For example, Dr. Silverman concluded in his pathology report of slide numbered D–4435–60, that the mole removed from Mrs. Tessitore in December, 1960, showed "no definite evidence of malignancy." However, Dr. H. Hoenecke, another Phoenix pathologist, examined the same tissue slide after the commencement of this action and concluded that a melanocarcinoma was present. Whether or not Dr. Silverman's original diagnosis was incorrect according to the accepted medical standard, is a disputed issue of fact that might well affect the final judgment.

That portion of our previous decision dismissing the appeal as to appellees Silverman, Scharf, Rosenthal and Diagnostic Laboratory is hereby vacated and the summary judgment granted them below is hereby reversed and remanded.

Appellee's motion for rehearing denied.

McFARLAND and HAYS, JJ., concur.