511 P.2d 652

**Raymond E. LUNDY, Appellant,**

v.

**PRESCOTT VALLEY, INC., an Arizona corporation, Appellee.**

**No. 1 CA-CIV. 1989.**

Court of Appeals of Arizona, Division No. 1.

July 3, 1973.

Rehearing Denied Aug. 22, 1973.

Review Granted Oct. 2, 1973.

---

Favour & Quail, P. A., by Keith F. Quail, Ronald L. Maksym, Prescott, for appellant.

Philip T. Goldstein, Ltd., by David N. Ramras, Phoenix, for appellee.

HATHAWAY, Chief Judge.

The propriety of an order granting summary judgment in favor of defendant-appellee is the subject of this appeal. Appellant brought an action on a debt in the trial court; appellee answered and filed a motion for summary judgment alleging that plaintiff had "contracted" without a license and was therefore precluded by A. R.S. § 32–1153 [1] from bringing an action. The trial court granted the motion finding that the plaintiff was a "contractor" as defined in A.R.S. § 32–1101 and was therefore precluded from bringing the action. The sole question on appeal is whether, as a matter of law under A.R.S. § 32–1101, the appellant is a "contractor."

On September 25, 1968, appellant was hired by appellee to build an earthen dam on appellee's property, and was to be compensated therefor at the rate of $20 per hour payable on a weekly basis. Appellant was to furnish his own earth moving equipment together with gas, oil and lubrication used. He performed most of the earth moving work himself although he was assisted by his son-in-law for a short period of time; he also paid for such help from the hourly rate charged the appellee, withholding FICA and income tax from the wages paid. The total number of hours contemplated to complete the project was not discussed. The parties disagree as to whether the appellant could have been terminated at any time. They agree that if appellee had chosen to move to a new site to construct the dam, appellant would have been expected to move.

The subject contract was oral and provided that appellant would construct a dam at a certain location at a compensation of $20 per hour. Appellant was to produce the result without directions as to the manner in which the job would be performed.

1. § 32–1153. Proof of license as prerequisite to civil action

No contractor shall act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor when the contract sued upon was entered into and when the alleged cause of action arose.

Appellant asserts error as to the trial court's determination for the reason that his compensation was for "wages" and under A.R.S. § 32–1101 a person working for wages is precluded from the definition of contractor. A.R.S. § 32–1101 provides:

"Within this chapter, 'contractor' means a person, . . ., who, for either a fixed sum, price, fee, percentage, bonus or other compensation other than actual wages, undertakes to or offers to undertake to, or purports to have capacity to undertake to, . . ., construct, alter, repair, add to, subtract from, improve, move . . .."

■ Appellant would have this court rule that the method of compensation is the only relevant consideration in evaluating whether a person is a contractor for purposes of this statute. We are of the opinion that the method of compensation is only one relevant consideration in this determination and whether a method of compensation comes under the definition of "wages" must many times be determined by the surrounding facts of the relationship between the contracting parties.

Our Supreme Court has ruled that for purposes of determining whether someone is a contractor or an employee under this statute, it is relevant to look to the common law for such determination. Sobel v. Jones, 96 Ariz. 297, 394 P.2d 415 (1964). Our courts have looked to many different characteristics to define a relationship between two parties as that of "contractor" or "employee." *See* Sobel v. Jones, supra; Miller v. Superior Ct., 8 Ariz.App. 420, 446 P.2d 699 (1968); Herman Chanen Const. Co. v. Northwest Tile and Terrazzo Co., Inc., 6 Ariz.App. 490, 433 P.2d 807 (1967). These different characteristics have been compiled in Restatement (Second) of Agency § 220:

"§ 220. Definition of Servant

(1) A servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control.

(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business."

■ Appellant argues that he was under the control of the appellee since the site for the dam could have been changed to a different location. Appellant misinterprets the control requirement as stated in Sobel v. Jones, supra, for the reason that control refers to the manner or means of accomplishing a desired result, and not the ultimate result to be accomplished. It is without dispute that appellant expected and exercised complete control over the manner in which the dam was to be constructed without any interference from appellee.

The evidence is also undisputed that the parties were in completely different types of occupations, that appellant and his equipment were hired for a limited period of time to perform a specialized job, and that appellant had been in the business of building dams for a period of years and kept books, accounts and hired people to perform his function as a dam builder. The undisputed evidence also established that appellant considered his compensation something other than wages since he classified himself in his federal income tax returns as a self-employed individual in the business of dam contracting.

Having reviewed the evidence, we find that appellant's relationship to appellee was as a matter of law that of a "contractor," and since appellant was not licensed as required by A.R.S. § 32–1153 he was precluded from bringing this action.

Affirmed.

KRUCKER and HOWARD, JJ., concur.
NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.