519 P.2d 61

**Raymond E. LUNDY, Appellant,**

v.

**PRESCOTT VALLEY, INC., an Arizona corporation, Appellee.**

**No. 11311–PR.**

Supreme Court of Arizona,
In Banc.

Feb. 20, 1974.

Favour & Quail, by Keith F. Quail and Ronald L. Maksym, Prescott, for appellant.

Goldstein, Tilker, Bistrow & Ramras, by Philip T. Goldstein and David N. Ramras, Phoenix, for appellee.

HOLOHAN, Justice.

This case is before us on petition for review of a decision of the Court of Appeals, 20 Ariz.App. 208, 511 P.2d 652 (1973) affirming a summary judgment in favor of Prescott Valley, Inc. and against Raymond E. Lundy. The opinion of the Court of Appeals is vacated and the judgment of the superior court is reversed.

Plaintiff, Raymond E. Lundy, brought an action against defendant, Prescott Valley, Inc. for services rendered. The defendant filed an answer alleging that plaintiff had contracted without a license and was therefore precluded from bringing the action under A.R.S. § 32–1153. Defendant filed a motion for summary judgment based on such affirmative defense and the trial court granted the motion, finding the plaintiff was a "contractor" as defined by A.R.S. § 32–1101.

The relevant facts are as follows:

Plaintiff and defendant entered into an oral contract in 1968 which provided that plaintiff would build an earthen dam on defendant's property. Plaintiff was to furnish his own equipment together with gas,

oil and lubrication used. The site of the dam was staked out by defendant's engineer. It was agreed that plaintiff would be paid for his work at an hourly rate of $20.00 payable on a weekly basis. The total number of hours to be expended and the total cost of the project was not discussed. Plaintiff testified that it was his understanding that the defendant could have terminated the contract at any time. The parties agreed that if defendant had chosen to have the dam constructed at a different site, plaintiff would have been expected to follow instructions. The plaintiff was not a "licensed contractor" and he made no representation that he was so licensed.

The sole question before us is whether the trial court was correct in holding that as a matter of law the plaintiff was acting as a contractor within the meaning of A.R.S. § 32–1101 and therefore required to have a valid Arizona contractor's license at the time of the performance of the work for which compensation was sought. A.R.S. § 32–1101 before its amendment in 1972 provided:

"Within this chapter, 'contractor' means a person, firm, partnership, corporation, association or other organization, or a combination of any of them, who, for either a fixed sum, price, fee, percentage, bonus or other compensation other than actual wages, undertakes to or offers to undertake to, or purports to have the capacity to undertake to, or submits a bid to, or does himself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structure or works in connection therewith. The term contractor includes subcontractors and specialty contractors."

If the plaintiff was a "contractor" as defined by the statute, he was required to possess a contractor's license, and, pursuant to A.R.S. § 32–1153, the failure to possess such license would defeat the plaintiff's claim.

The question whether one is an independent contractor or an employee is dependent on the circumstances surrounding the relationship of the parties. Various tests are applied to determine the relationship. The Restatement (Second) of Agency § 220 lists ten matters to be considered. The cases from California, the source of most of our laws regulating contractors, enumerate the tests to include: payment of wages, right to hire and discharge workmen and to control the operations, manner of payment of compensation, duration and conditions of employment, and the power to terminate the employment without cause at any time. See Malvich v. Rockwell, 91 Cal.App.2d 463, 205 P.2d 389 (1949); Denton v. Wiese, 144 Cal.App.2d 175, 300 P.2d 746 (1956).

In Sobel v. Jones, 96 Ariz. 297, 394 P.2d 415 (1964) this Court pointed out that the chief characteristic distinguishing an independent contractor from an employee is his right to control the manner of accomplishing the particular job. The Court also noted in the cited case that the contractor typically agrees to do certain work for a specified or lump-sum amount. The right to control rather than the fact that the employer does control was held to be determinative of the status of the parties in Industrial Commission v. Meddock, 65 Ariz. 324, 180 P.2d 580 (1947).

While the facts in the case at issue do not seem to be in dispute, the inferences to be drawn from those facts are in sharp dispute. Plaintiff contends that the defendant had the right to control the work on the job; that the defendant could direct where the work was to be done and could change the location at will; that the defendant could terminate the employment at any time without cause and without liability except for work already performed. The plaintiff contends that his compensa-

tion was "wages" and that a fixed sum, price, fee, percentage or bonus was not involved.

The defendant maintains that the plaintiff was an independent contractor acting free of control by defendant subject only to producing a result. Defendant also reviews a number of the characteristics of an employee as suggested by the Restatement with the conclusion that the plaintiff was not an employee but was in fact an independent contractor. The defendant also points out that the plaintiff styled himself as self-employed in his tax returns.

The trial court granted summary judgment in favor of the defendant. In order for the entry of summary judgment to be appropriate there must be no genuine dispute as to any material fact and only one inference can be drawn from the undisputed material facts, and based on the undisputed material facts the moving party is entitled to judgment as a matter of law. Dutch Inns of America, Inc. v. Horizon Corporation, 18 Ariz.App. 116, 500 P.2d 901 (1972). Summary judgment is not appropriate if different inferences can reasonably be drawn from undisputed facts. Livingston v. Citizen's Utility, Inc., 107 Ariz. 62, 481 P.2d 855 (1971).

Summary judgment should not have been granted in the present case. The facts presented do not as a matter of law lead to only one conclusion; on the contrary the facts are subject to interpretation which allow for reasonable men to reach different conclusions. Under such circumstances the plaintiff was entitled to have the matter tried and the defendant was not entitled to judgment.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.