533 P.2d 721

Sharon J. EVANS, a married woman dealing with her sole and separate property, and Josephine C. Fenn, a single woman, Appellants,

v.

Dr. J. J. BERNHARD and Physicians & Surgeons Hospital, Inc., an Arizona Corporation, Appellees.

No. 1 CA–CIV 2388.

Court of Appeals of Arizona,
Division 1,
Department B.

April 10, 1975.

Shimmel, Hill, Bishop & Gruender, P. C., by Richard B. Johnson, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C., by Ralph E. Hunsaker, Phoenix, for appellees.

## OPINION

JACOBSON, Presiding Judge.

This appeal raises the question of the liability of a general medical practitioner for his own alleged negligence as well as for the alleged negligence of a medical specialist in operating on a patient and during subsequent post-operative care. It also raises the propriety of the granting of summary judgment for the hospital where the surgery was performed.

The appellant, Sharon J. Evans, was injured in a motorcycle mishap on June 5, 1966. An ambulance took her to Scottsdale Physicians & Surgeons Hospital. Her family physician, appellee Dr. J. J. Bernhard, was immediately called and arrived while she was still in the emergency room. Dr. Bernhard ordered that leg and skull x-rays be taken.

As the patient had fractured the neck of her right femur, her doctor, an osteopathic physician and surgeon with limited surgical experience, called in Dr. Fridena, an orthopedic specialist. Although Dr. Bernhard had never before been associated with Dr. Fridena, he was called because he was the only orthopedic consultant at this hospital and the only one with privileges there. On June 16, 1966, Dr. Fridena, with Dr. Bernhard assisting, attempted to surgically repair the fractured femur. The post-operative leg follow-up was undertaken by Dr.

Fridena; Dr. Bernhard continued treating the patient for the effects of the skull injury sustained in the accident as well as giving her general medical care. In September of 1966 he noted that her right leg was 1½ inches shorter than the left. No malpractice is asserted by reason of this initial surgery.

In December of 1966, Dr. Bernhard learned from the patient that Dr. Fridena contemplated additional leg surgery. Several days before this operation was to take place, Dr. Fridena contacted Dr. Bernhard and asked him to assist in the surgery. Dr. Fridena stated that he planned to do corrective surgery but did not go into any detail; Dr. Bernhard did not demand specificity as he assumed that Dr. Fridena intended to remove the pin from the patient's leg as it was causing her pain.

Dr. Bernhard visited the patient in her hospital room at Phoenix Community Hospital (aka Physicians & Surgeons Hospital, Inc.) but made no pre-operative examination as she was admitted as Dr. Fridena's patient. On the morning of this surgery, Dr. Fridena advised Dr. Bernhard that the surgery he contemplated was complicated and designed to lengthen the patient's leg; he did not indicate that any risk was involved.

The surgery was performed with Dr. Bernhard assisting according to Dr. Fridena's instructions. Although Dr. Bernhard was unfamiliar with the technique used, he felt the surgery proceeded without complications. The technique, in fact, involved the bisecting of the middle of the right femur and the inserting of a bone graft in an attempt to lengthen the leg. However rather than lengthening the leg, it was shortened so that it was now 3″ shorter than the left. Dr. Fridena supervised the patient's recovery following this second operation.

A medical malpractice suit was filed by the patient against the estate of Dr. D. T. Fridena, Jr., Dr. J. J. Bernhard, and Physicians & Surgeons Hospital, Inc. to recover damages for the injuries she sustained as a result of the alleged negligent operative and post-operative care given her. Dr. Bernhard and the hospital filed a joint motion for summary judgment, which the court granted. This appeal followed. The Estate of Dr. Fridena is not a party to this appeal.

The first issue to be decided is the propriety of the court's granting summary judgment in favor of Dr. Bernhard both as to his alleged independent liability and as to his joint liability with Dr. Fridena. On review of the granting of a motion for summary judgment, this court must view the facts and the inferences arising from these in the light most favorable to the party against whom the motion was granted. Tessitore v. McGilvra, 105 Ariz. 91, 92, 459 P.2d 716, 717 (1969), supplemented on rehearing, 105 Ariz. 198, 461 P.2d 675 (1970). As the plaintiffs cannot rest on the mere allegations of their complaint when faced with a motion for summary judgment, Abernethy v. Smith, 17 Ariz.App. 363, 370, 498 P.2d 175, 182 (1972), the record in this case which has been brought to the court's attention must be examined to determine whether there is any disputed issue of material fact. On the issue of the alleged malpractice of Dr. Bernhard, this court has examined the complaint, answers, Dr. Bernhard's deposition, and Dr. Bernhard's answers to interrogatories. We were, however, unable to consider the plaintiff's answers to interrogatories as they were not included in the record on appeal.

The plaintiff's threshold obligation in the proof of medical malpractice involves two evidentiary steps. First, evidence must be presented to establish the applicable standard of medical practice in the particular type of case involved and second, it must also be shown that the doctor negligently departed from this recognized standard in his treatment of the plaintiff. In order to make this threshold breach of duty actionable, it must then be shown that the breach of duty was the legal cause of the plaintiff's injuries. Stallcup

**416**

v. Coscarart, 79 Ariz. 42, 46, 282 P.2d 791, 793 (1955). The medical standard of care must be established by expert medical testimony unless the conduct complained of is readily ascertainable by a layman. Kalar v. MacCollum, 17 Ariz.App. 176, 496 P.2d 602 (1972). However, third party expert testimony is not always necessary as this standard can be established by the defendant doctor's own testimony. Vigil v. Herman, 102 Ariz. 31, 424 P.2d 159 (1967).

The asserted independent negligence of Dr. Bernhard stems from his assisting in the second operation despite his limited experience in the surgical field as well as in orthopedics; his failure in ascertaining the type of surgery contemplated by Dr. Fridena; in failing to stop the surgery once he realized what was contemplated and that he was unable to comprehend the technique involved; plus his failure to make a pre-operative examination of the patient. The appellant asserts that this negligence was so grossly apparent that no expert testimony as to the standard of medical practice in the community was necessary or that, in the alternative, Dr. Bernhard's own testimony established the applicable standard.

■■■ This court cannot hold, as a matter of law, that the applicable standard of care in this case or its probable violation is within the common knowledge of a layman so as to dispense with medical expert testimony. Tessitore v. McGilvra, 105 Ariz. 91, 93, 459 P.2d 716, 718 (1969). Since no independent expert medical testimony was presented, Dr. Bernhard's own responses must therefore be examined. Dr. Bernhard testified as to the usual rapport that exists with a specialist to whom he has referred a patient and stated that his relationship with Dr. Fridena in this regard was quite unusual, as there was so little contact between the doctors. He also testified that in his own practice when assisting in surgery, he normally participates in a patient's pre-operative management and is apprised of the contemplated surgery. This did not occur here. However, Dr.

Bernhard's testimony as to his usual personal practice was not sufficient to establish a general medical standard. Karrigan v. Nazareth Convent & Academy, Inc., 212 Kan. 44, 50, 510 P.2d 190, 196 (1973); Collins v. Itoh, 160 Mont. 461, 469, 503 P. 2d 36, 41 (1972). The personal and individualistic method of practice of this one doctor is not sufficient to establish a reasonable basis for any inference that he has departed from the general medical custom and practice in the community, nor can it support a conclusion that he was negligent in any regard by not following his own usual procedure. Downer v. Veilleux, 322 A.2d 82, 88 (Me.1974); Davis v. Virginian Railway Co., 361 U.S. 354, 80 S.Ct. 387, 4 L.Ed.2d 366 (1960). Therefore, as the plaintiff failed to show the standard of the medical community in this particular case, the trial court was correct in granting summary judgment for Dr. Bernhard on the issue of his independent negligence.

■■■ The plaintiff additionally alleged that Dr. Bernhard acted jointly with Dr. Fridena in her treatment and is therefore jointly liable for the injuries suffered by the patient. The facts in this case show that following the patient's first surgery and release from the hospital, she continued to see Dr. Bernhard for the skull injury suffered in the accident but obtained post-operative care for the leg injury from Dr. Fridena. Dr. Bernhard learned from the patient that corrective surgery on the leg was contemplated and was only contacted by Dr. Fridena to assist in the surgery a few days before it was to take place. Before this second surgery, Dr. Bernhard visited briefly with the patient in her hospital room as her general practitioner but made no pre-operative examination of the patient. During the surgery itself he merely acted as Dr. Fridena's assistant, following Dr. Fridena's instructions. There is no contention that Dr. Bernhard negligently performed this duty. The post-operative care of the patient following this second surgery was handled by Dr. Fridena. Based on the facts as presented by the record, these doctors were

not acting jointly but were independently treating physicians. As such, Dr. Bernhard is not liable for any acts of malpractice by Dr. Fridena in absence of evidence that Dr. Bernhard observed and knowingly participated in a wrongful act or omission by Dr. Fridena or in the exercise of ordinary care should have observed it and took no steps to correct it. Brooker v. Hunter, 22 Ariz.App. 510, 528 P.2d 1269, 1274 (1974) (Petition for review granted by Arizona Supreme Court on 3/11/75). Dr. Bernhard stated that although he was unfamiliar with the technique performed by Dr. Fridena he noted that the patient tolerated the surgery quite well with no complications. We find no duty of care which requires a general practitioner acting as an assistant in surgery to a specialist to make inquiries into the technique performed by the specialist when no complications or adverse reactions are observed or observable at the time of surgery. As Dr. Bernhard was not acting jointly with Dr. Fridena in the patient's second operation or post-operative care, Dr. Bernhard is not liable jointly or vicariously for the alleged acts of malpractice ' performed by Dr. Fridena. Therefore, summary judgment in this regard was proper.

■ The trial court also granted summary judgment to Physicians & Surgeons Hospital, Inc. for the lack of a showing of an employee or agent relationship between Dr. Fridena and the hospital. In her amended complaint, the patient alleged that Drs. Fridena and Bernhard were employees, agents, and/or servants of the hospital and were acting on behalf of the hospital in performing the alleged acts of malpractice. In reviewing the granting of summary judgment for the hospital, the record before this court consists of the pleadings, Dr. Bernhard's deposition and his affidavit in support of the motion for summary judgment. The appellants argue that the record in another action wherein the employment relationship of Dr. Fri-

dena with the hospital was admitted should also be considered by this court. However, from the record herein it does not appear that the trial court ever took judicial notice of this record as it was asked to do by appellants and the record in that matter was not filed in the trial court until after the notice of appeal. Therefore, it will not be considered on this appeal. National Car Rental v. Fox, 18 Ariz.App. 160, 165, 500 P.2d 1148, 1153 (1972).

■ If a physician or surgeon is, in fact, an employee of a hospital, under the doctrine of respondeat superior the hospital will be held liable for the tortious acts of this physician or surgeon which are done in the scope of his employment.[1] Beeck v. Tucson General Hospital, 18 Ariz.App. 165, 170–171, 500 P.2d 1153, 1158–59 (1972). In determining whether a doctor is an employee of the hospital or an independent contractor, the facts as presented by the parties must be examined. At his deposition, Dr. Bernhard testified that Dr. Fridena was the chief of surgery and the medical director at the hospital as well as being a member of its staff. These assertions support the patient's allegations, although the fact that a physician or surgeon is on a hospital's staff does not necessarily make him an employee of that hospital. Newton County Hospital v. Nickolson, 132 Ga.App. 164, 207 S.E.2d 659, 661 (1974).

■ In support of its motion for summary judgment, the hospital did not present an affidavit by the hospital administrator that Dr. Fridena was not an employee of the hospital, but the motion instead was accompanied by an affidavit of Dr. Bernhard. In this affidavit, the affiant stated that he was employed by the patient and not by the hospital. He also attested that to his knowledge Dr. Fridena was not an employee of the hospital but of the patient. While Dr. Bernhard is competent to testify as to his own relationship with the patient and hospital he is not competent to testify as to Dr. Fridena's relationship

---

1. The posture in which the hospital's motion for summary judgment was presented assumed that Dr. Fridena was negligent and the issue

presented was merely that of the employer-employee relationship.

with the patient and hospital so that the portion of his affidavit dealing with Dr. Fridena will not be considered. Lujan v. MacMurtrie, 94 Ariz. 273, 278, 383 P.2d 187, 190 (1973).

 The affidavit of Dr. Bernhard is insufficient to support the granting of summary judgment to Physicians & Surgeons Hospital, Inc. with regard to its relationship with Dr. Fridena. *See* Newton County Hospital, *supra*. Based on the pleadings and the deposition of Dr. Bernhard, a sufficient factual issue is raised as to Dr. Fridena's relationship to the hospital so as to preclude the granting of summary judgment. Therefore, the trial court erred in the granting of this portion of the summary judgment.

The summary judgment for Dr. Bernhard is affirmed; the summary judgment for Physicians & Surgeons Hospital as regards the employment relationship of Dr. Bernhard is affirmed, but as to Dr. Fridena it is reversed.

EUBANK, J., and HAIRE, C. J., Division 1, concur.