556 P.2d 334

Gerald MORRELL, Appellant,

v.

ST. LUKE'S MEDICAL CENTER, Dr. Patty J. Ryan and John Doe Ryan, wife and husband, Dr. Lawrence N. Frazin and Jane Doe Frazin, husband and wife, Dr. Morris Barton and Jane Doe Barton, husband and wife, Dr. Don W. Longfellow and Jane Doe Longfellow, husband and wife, Appellees.

No. 1 CA–CIV 3011.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 28, 1976.

Arthur M. McBrayer and J. David Rich, Phoenix, for appellant.

Renaud, Cook, Miller & Cordova, P.A. by John H. Seidel, Phoenix, for appellees St. Luke's, Ryan and Frazin.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Jolyon Grant, Phoenix, for appellees Barton and Longfellow.

## OPINION

NELSON, Judge.

This appeal results from the trial court's granting summary judgment in favor of all the named defendants (appellees) in a medical malpractice action.

Appellant, Gerald Morrell, presents three questions for review:

(1) Whether summary judgment was properly granted based on the uncontroverted but alleged conclusory affidavits of the appellees;

(2) Whether requiring the appellant to produce an expert witness in a medical malpractice action denies him equal protection of the law; and

(3) Whether granting summary judgment deprived the appellant of his right to a jury trial and right to cross-examine witnesses.

## PROPRIETY OF SUMMARY JUDGMENT

Appellant asserts that the trial court erred in granting summary judgment in favor of all the named defendants. He urges that the affidavits supporting the motions for summary judgment are conclusory and that genuine issues of material fact exist as to whether the appellees committed acts of medical malpractice. Appellant further argues that summary judgment should not be entered in the early stages of malpractice litigation, especially in this instance, when he was unable to secure an expert to testify in support of his complaint.

In a medical malpractice case, this Court in *Abernethy v. Smith*, 17 Ariz.App. 363, 498 P.2d 175 (1972) commented on the responsibility of the plaintiff opposing a motion for summary judgment:

"The question of whether a physician possesses the requisite skill or fails to apply that skill in any given case is a material question of fact. On motion for summary judgment, in an action founded on alleged malpractice of physi-

cian or surgeon, the party opposing the motion must show the existence of this question. In other words, he will be required to offer proof in the record that at the time of trial he will be able to come forward with evidence showing that a doctor lacked requisite skills or that he did not apply those skills." 17 Ariz.App. at 369, 498 P.2d at 181.

Our Supreme Court relied on *Abernethy* in its decision in *Riedisser v. Nelson*, 111 Ariz. 542, 534 P.2d 1052 (1975) and the rationale was again approved by this Court in *Evans v. Bernhard*, 23 Ariz.App. 413, 533 P.2d 721 (1975).

The record in this case indicates that the appellant filed his complaint on November 27, 1973, alleging the commission of malpractice by each of the appellees in diagnosing and treating his skull injuries. On December 13, 1973, appellee St. Luke's propounded interrogatories to the appellant. On January 17, 1974, appellees Barton and Longfellow dispatched another set of interrogatories to the appellant. On January 30, 1974, appellee Frazin served a third seet of interrogatories on the appellant. Each set of interrogatories inquired of the appellant as to whom he expected to call as expert witnesses to support the allegations in his complaint. In response to the first set, appellant answered: "No expert witness retained at this time." As to the second set question regarding expert witnesses, appellant responded: "Unknown at this time." Finally, in answering the third set, appellant stated: "Witnesses to be called at trial, unknown at this time."

On May 6, 1974, appellees St. Luke's and Frazin filed a motion to compel the appellant to disclose who his medical experts were. On May 13, 1974, appellees Longfellow and Barton moved for summary judgment, supported by their affidavits that they had not committed malpractice on the appellant. Appellees St. Luke's, Ryan and Frazin on May 23, 1974 similarly filed their motion for summary judgment, also supported by affidavits that no negligent care was practiced on the appellant by them.

On June 17, 1974, appellant responded to the motion to compel, asserting that it was too premature in the litigation to require him to produce an expert witness. On June 20, 1974, appellant filed responses to the motions for summary judgment, alleging that material issues of fact existed. The responses, however, were only supported by the affidavit of the appellant's mother, which asserted that malpractice had been committed.

The trial court held a hearing on the motion to compel and the motions for summary judgment on June 25, 1974, and on June 26, 1974 granted the appellant an additional sixty (60) days to answer the expert witness interrogatory and to file controverting affidavits to the summary judgment motions.

On August 20, 1974, appellant filed a "Motion to Continue", requesting thirty (30) more days to produce a medical expert witness to support his case. A hearing on this motion was held on September 27, 1974 and the trial court granted the motion giving the appellant until October 10, 1974 to produce an expert. If no expert or controverting affidavits were forthcoming by this date, the court stated that the appellees' motions for summary judgment would be granted. No expert witness was produced by the appellant and the trial court entered summary judgment for the appellees on October 28, 1974.

Nearly one year after the appellant had filed his complaint, he was unable to present even one expert witness to support his allegations of malpractice or to controvert the affidavits bolstering the appellees' summary judgment motions. *Abernethy v. Smith*, supra, indicates that a plaintiff, in opposing a summary judgment motion, has a responsibility to present proof at the time of the motion that he will be able to present evidence at trial that will demonstrate the defendant physician negligently performed his professional

services. In this case, appellant did not meet this burden.

We are unpersuaded by appellant's argument that *Abernethy v. Smith*, supra, and its progeny, *Evans v. Bernhard*, supra, and *Riedisser v. Nelson,* supra, are not applicable to the facts of this case. In *Abernethy*, the plaintiff offered a list of medical experts who he hoped would testify and a list of medical texts which allegedly would establish his case. Nevertheless, in the plaintiff's interrogatory answers, the following was revealed:

" 'Q. Have you, your attorneys, agents or investigators received any information from *anyone* that defendant was negligent or failed to exercise requisite skill in attending and treating you?

A. No.

Q. The substance of the facts and opinions to which you expect him [the physicians listed as intended witnesses] to testify and a summary of the grounds for each opinion.

A. Unknown.

Q. Have these defendants either personally or through an agent, employee or representative admitted the truth of any of the matters [alleged malpractice] set forth in your answers to Interrogatory 520 paragraphs (a), (b) and (c)?

A. No.' " 17 Ariz.App. at 369, 498 P.2d at 181.

In the plaintiff's deposition in that case, the following transpired:

" 'Q. Dr. Ramenofsky said to the best of his knowledge there is no evidence of any malpractice?

A. Right.

Q. Has any other doctor expressed an opinion to you that there is no evidence of malpractice, except Dr. Ramenofsky and the other two you mentioned?

A. No.

Q. Have you talked to any doctor about this matter who expressed an opinion to you that there is evidence of malpractice or anything similar to that?

A. No.' " 17 Ariz.App. at 369–370, 498 P.2d at 181–182.

Appellant urges in our case that *Abernethy* is not controlling because that court relied upon interrogatory answers and deposition testimony. This is incorrect. As stated in *Evans v. Bernhard*, supra, this Court must review the whole record to determine whether a material issue of fact exists, which includes examination of interrogatories and depositions. This is exactly what the *Abernethy* court did and this is what we have done.

Scrutiny of the interrogatories answered by the appellant demonstrates that he was unable to locate one expert witness to verify his allegations. The trial court was generous in allowing the appellant additional time to locate an expert or to secure controverting affidavits. Nevertheless, appellant could not do so within one year following the filing of the complaint. Moreover, the appellant in two depositions revealed the name of one physician who had indicated to him that malpractice had been committed by at least one of the appellees, but this physician is not listed in the interrogatory answer about expert witnesses, and no affidavit of this doctor was attached to the appellant's response to the motions for summary judgment.

Only one conclusion can be drawn from these facts: appellant had no competent medical evidence to substantiate his complaint when it was filed on November 27, 1973, and had not procured proof nearly one year later when the trial court entered judgment for the appellees on October 28, 1974. Summary judgment was properly granted. *Abernethy v. Smith*, supra; *Riedisser v. Nelson*, supra; *Evans v. Bernhard*, supra.

## REQUIREMENT OF EXPERT WITNESSES

Even though appellant concedes that this is not the caliber of case allowing application of res ipsa loquitur, see *Revels v. Pohle*, 101 Ariz. 208, 418 P.2d 364 (1966), *Tiller v. Von Pohle*, 72 Ariz. 11,

**490**

230 P.2d 213 (1951), he contends that requiring him to produce an expert to prove his complaint allegations of medical negligence denies him equal protection of the law. He asserts that in all other negligence actions, including malpractice cases against other professionals, e. g., attorneys, accountants, etc., plaintiffs are not required to establish a professional standard of care to assist the jury in judging the acts of the defendant.

The appellant does not present any authority to uphold his position. Restatement 2d, Torts, § 299A, and *Kreisman v. Thomas*, 12 Ariz.App. 215, 469 P.2d 107 (1970), wherein this Court held that the plaintiff failed to establish the professional standard of care allegedly breached by a hearing aid dealer, are authority to the contrary.

We are unconvinced by the appellant's proposition.

## RIGHT TO JURY TRIAL AND CROSS-EXAMINATION

Finally, appellant argues that the entry of the summary judgment precludes his right to a jury trial and to cross-examine witnesses. No authority is presented by the appellant, however, to in effect hold that Rule 56, Rules of Civil Procedure, 16 A.R.S., is unconstitutional.

It is obvious that the entry of summary judgment will preclude a later trial by jury. This is the design of Rule 56—to resolve whether material issues of fact exist, and if none do, then to enter judgment for the moving party if he is entitled to it as a matter of law. *Union Bank v. Pfeffer*, 18 Ariz.App. 386, 502 P.2d 535 (1972). It is not the intention of the rules to grant a trial on the merits when there is no genuine fact issue or where a claim may be frivolous. *Hackin v. Rupp*, 9 Ariz.App. 354, 452 P.2d 519 (1969).

As to the assertion that Rule 56 denies him the right to cross-examine witnesses, appellant overlooks the pre-trial discovery devices authorized by Rules 26 to 37, Rules of Civil Procedure, 16 A.R.S. In this case, appellant failed to file any interrogatories or any motions to produce, and only took the deposition of one of the doctors. His right to cross-examine witnesses was not abridged or denied in any way.

Judgment affirmed.

DONOFRIO, P. J., and OGG, J., concur.