568 P.2d 1069

**WASHINGTON NATIONAL TRUST COMPANY, an Arizona Corporation, Special Administrator of the Estate of William M. Dary, Appellant,**

v.

**W. M. DARY COMPANY, a California Corporation, Appellee.**

No. 12689.

Supreme Court of Arizona, In Division.

July 11, 1977.

Jones, Teilborg, Sanders, Haga & Parks by Joseph L. Moore, David L. Haga, Jr., Phoenix, for appellant.

Stockton & Hing by Robert Ong Hing, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This appeal has been brought to reverse a summary judgment granted in an action to rescind certain transactions between the W. M. Dary Company and two of its former directors, W. Maurice Dary, deceased, and his wife, Mildred. Jurisdiction is pursuant to Rule 47(e), 17A A.R.S., Rules of the Supreme Court. Judgment affirmed.

Appellant, the special administrator of the estate of William Maurice Dary, deceased, first urges that the affidavit filed in the Superior Court which accompanied the Dary Company's motion for summary judgment did not show that it was "made on personal knowledge," as required by Rule 56(e), 16 A.R.S., Rules of Civil Procedure. The affidavit, however, did state that the affiant was the Secretary and Comptroller of the Dary Company and that he was office manager during the time when the transactions complained of occurred. Affiant's position strongly suggests that the matters about which he deposed were within his personal knowledge. Moreover, the affidavit was supported by corporate records and other instruments, which independently established that corporate assets were transferred to the Darys as the affiant declared. Consequently, we think the affidavit did show that it was made on affiant's "personal knowledge." Where an affidavit shows that its material parts are on the affiant's personal knowledge, it is not necessary to say in the affidavit that

the statements contained in it are on affiant's personal knowledge. *Knight v. De-Marcus*, 102 Ariz. 105, 107, 425 P.2d 837 (1967).

■ Appellant urges that summary judgment was improperly granted because genuine issues of material fact existed to be resolved by trial. The rule is that summary judgment is appropriate only when there is no genuine dispute as to material facts. Rule 56(c). 16 A.R.S., Rules of Civil Procedure; *Lundy v. Prescott Valley, Inc.*, 110 Ariz. 362, 364, 519 P.2d 61 (1974). On appeal from the granting of a summary judgment, the facts and reasonable inferences therefrom will be viewed in a light most favorable to the party opposing the motion. *Tessitore v. McGilvra*, 105 Ariz. 91, 92, 459 P.2d 716 (1969), supplemented, 105 Ariz. 198, 461 P.2d 675 (1969).

The facts viewed in a light most favorable to appellant are these: The W. M. Dary Company is a corporation organized under the laws of the State of California. Throughout the period pertinent to this appeal, W. Maurice Dary was its President and a Director of the company. His wife, Mildred, was the Vice-President and also a Director. Together, they owned all but 240 of the 3,130 shares outstanding. The 240 shares were divided equally between two minority stockholders. There was a third Director, E. C. Keller, who seemingly did not own any stock.

Prior to 1970, the Dary Company purchased a 23–acre tract of land in Maricopa County, Arizona for $275,000. Four transactions concerning the corporate property thereafter took place which, for simplicity, will be described as transactions one through four.

1. On April 20, 1971, the Board of Directors agreed to deed, and did deed, a 240 by 250–foot tract from the 23 acres to W. Maurice Dary and his wife. In return, the Darys executed an unsecured promissory note for $85,000 with interest at 6% per annum.

2. On July 19, 1971, approximately five (5) acres of the 23–acre tract were sold for $150,000 by the W. M. Dary Company. The net proceeds of $140,172.50 were paid directly to W. Maurice Dary, who, in return, gave to the Dary Company his unsecured note for $135,000 with interest at 4% per annum.

3. On February 22, 1972, the north 330 feet of the 23–acre tract were deeded to W. Maurice Dary. No consideration was given to support the transaction, nor was the Board of Directors' approval ever obtained.

4. Corporate funds were used to purchase an automobile for the personal use of W. Maurice Dary.

Transaction 2, as indicated, was the property the Dary Company, the proceeds of which were paid directly to W. Maurice Dary. With the funds obtained from the sale of this property, W. Maurice Dary purchased an apartment complex located at 2202 E. Roosevelt Street in Phoenix, Arizona, known as the Teton Apartments. The Superior Court in its summary judgment ordered that the Dary Company become the owner of this apartment complex, presumably since the court was unable to rescind the transaction.

■ The status of transaction 4 is not wholly clear. The Dary Company alleged in its complaint that W. Maurice Dary purchased in his own name with funds of the Dary Company the automobile in question. This was denied in paragraph IX of appellant's answer, which reads that appellant was:

"without sufficient information or belief to form an opinion as to the allegations contained in paragraph X of Plaintiff's Second Amended Complaint and, accordingly, denies the same."

The time between the filing of the second amended complaint on October 24, 1973 and the filing of the answer to the second amended complaint on May 17, 1974 was more than six months. The denial because of lack of information was not a good faith denial since there was ample opportunity for the appellant to have determined these facts from the appropriate public and corporate records.

Rule 8(b) of the Rules of Civil Procedure, 16 A.R.S. provides in part that if a party "is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial."

This rule was taken word for word from Rule 8(b) of the Federal Rules of Civil Procedure. Concerning it, Moore's Federal Practice, Vol. 2A, pages 1821–1822, ¶ 8.22, says:

"This provision is of course subject to the requirements of honesty in pleading set forth in Rule 11. * * * A defendant may not assert lack of knowledge or information as to matters of public record or general public notice, nor can he comply with the rule by alleging merely a lack of knowledge where he does at least have adequate information sufficient to form a belief as to the truth of the averment relating to them."

Finally we note that there is no claim of stockholder approval of any of the transactions complained of.

Appellant questions the action of the lower court in decreeing that the legal title to the property involved in transactions 1, 3 and 4 be returned to the Dary Company. It further attacks the judgment in ordering the legal title to the Teton apartment complex be placed in the name of the Dary Company. There can be no doubt but that the transactions were intrinsically unfair to the Dary Company. An adequate consideration was not given by the Darys for any of the property. The land in transaction 1 was deeded to W. Maurice Dary and his wife' in return for an unsecured promissory note in the amount of $85,000 at 6% interest. The same parcel was subsequently valued in Dary's estate at $160,000. The land in transaction 2 was sold for $150,000 with the net proceeds going directly to W. Maurice Dary in exchange for another unsecured note with interest at 4%. The land in transaction 3 was deeded to W. Maurice Dary personally without the payment of any consideration whatsoever. As stated, the automobile in transaction 4 was purchased for Dary with corporate funds.

In *Tovrea Land and Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966), it was held that a corporation could loan its surplus funds at less than the legal rate of interest to directors who dominated the corporation if there was no showing that the funds could have been invested at a greater interest. 100 Ariz. at 124, 412 P.2d at 58. While there is nothing in the record in this case to show that the $150,000 paid for the Dary Company's land in transaction 2 could have been invested at a greater interest than 4%, we think the court below could conclude that in the money market at that time 4% interest in itself indicates an unfairness to the corporation.

But, irrespective, the lending of money on the unsecured note of the debtor justifies the conclusion that the transactions were unfair to the Dary Company.

■ We hold that the transactions were patently unfair and that the trial judge correctly so decided as a matter of law. A majority stockholder cannot appropriate or divert to himself assets of a company to the detriment of other stockholders, *Steinfeld v. Copper State Mining Co.*, 37 Ariz. 151, 163, 290 P. 155 (1930); *Heffern Co-operative etc. Co. v. Gauthier*, 22 Ariz. 67, 70, 193 P. 1021 (1920). Our conclusions as to the fairness question render unnecessary any discussion of appellant's contention that genuine issue of material fact exists concerning the adequacy of consideration.

■ Appellant argues that the Dary corporation acquiesced in the transfer of its assets. It introduced the corporation's journal entries and general ledgers which set up the transactions as related here. This knowledge entered in the corporate records by itself does not show that the corporation acquiesced in the transfer of its assets. We have said:

"A contract, even though unauthorized in its inception, as through the vote of the interested party or where the transaction can be effected only by the stockholders, may be validated by the acquiescence of the other directors, or by the body of the

stockholders, as the case may be, and thus the right to avoid it may be waived. No independent or substantive act of ratification is required. Acquiescence, with *knowledge* and *acceptance*, is sufficient. 19 C.J.S., Corporations, § 783, p. 157." *Keystone Copper Mining Co. v. Miller*, 63 Ariz. 544, 559, 164 P.2d 603 (1945). (Emphasis added.)

The "body of stockholders" did not ratify the actions of the corporation in these transactions.

■■ That an examination of the corporate records discloses how the transactions were consummated, does not establish knowledge and acceptance by its stockholders. Stockholders are not charged with knowledge merely because the corporate records show that the transaction occurred. *Endicott v. Marvel*, 81 N.J.Eq. 378, 87 A. 230, 234 (1913). While *Endicott* is a case concerned with laches, the principle applies with equal force to acquiescence. "Acquiescence" entails a knowledge of facts which will enable a party to take effectual action. *Humboldt Livestock Auction, Inc. v. B & H Cattle Co.*, 261 Iowa 419, 155 N.W.2d 478, 487 (1967); and see *Baltimore and Ohio R. Co. v. Alpha Portland Cement Co.*, 3 Cir., 218 F.2d 207, 212 (1955). The record before the court below disclosed no evidence of acquiescence by the minority stockholders; nor could there be acquiescence by the corporation as long as the Darys controlled the company's affairs.

■■ Appellant argues that fairness and acquiescence are questions of fact to be determined by the jury or the trier of facts, citing *Ong Hing v. Arizona Harness Raceway, Inc.*, 10 Ariz.App. 380, 459 P.2d 107 (1969). While this may be true as a general proposition, nevertheless where, as here, only one legal conclusion can be drawn from the facts, we can see no reason why the court may not draw such conclusion and direct the entry of an appropriate judgment.

The judgment of the Superior Court is affirmed.

HAYS and HOLOHAN, JJ., concur.