**Pauline FLORIO, Administratrix**
vs.
**James KENNEDY, M.D.**

**No. 46842**

Superior Court
Commonwealth of Massachusetts

**June 22, 1981**

Irving H. Sheff, counsel for plaintiff
Francis X. Bellotti, A.G., counsel for defendant
Francis G. Chase, Asst. A.G., counsel for defendant
Peter C. Knight, counsel for defendant

## MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS

The named defendant, Dr. James Kennedy, M.D., has moved to dismiss this complaint on the grounds that at all times relevant he was an employee of the Commonwealth and therefore not liable to suit under G.L. c. 258, sec. 2. Since the parties have submitted this motion on affidavits, I treat it as a motion for summary judgment: Mass.R. Civ. P. 12(b).

The issue of whether a physician who provides medical services at facilities of the Commonwealth is an employee of the Commonwealth for the purposes of the Tort Claims Act, G.L. c.258, sec. 2, is one of fact. Cf. Davis v. Del Russo, 371 Mass. 768, 771 (1977); See, Opinion of the Attorney General (1979/80) #6. The affidavit of Paul P. Foran, Assistant Superintendent for Administration at the Worcester State Hospital, upon which the defendant relies, has failed to establish the absence of a genuine issue of material fact. See, Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). In his affidavit, Mr. Foran states that Dr. Kennedy "was a member of the staff of Worcester State Hospital and an employee of the Commonwealth . . .". This statement is too conclusory to serve as a basis for summary judgment. Courts in other jurisdictions have held that a physician is not an employee of a hospital merely because of his status as a member of the staff. Varraman v. Milford Memorial Hospital, Inc. 262 A.2d 263 (Del. Super. 1970) rev'd on other grounds 272 A.2d 718 (Del. 1970); Evans v. Bernhard, 23 Ariz. App. 413, 533 P.2d 721 (1975). See Annotation 69 A.L.R. 2d 305. I need not decide what factors would warrant a finding that Dr. Kennedy was indeed an employee of the Commonwealth. although the nature of his relationship with the hospital, the degree of control exercised over him, whether he maintained clients separate from his hospital clients, the method of payment (straight salary or fee per case), would merit consideration, among other factors. See, Opinion of the Attorney General (1979/80) #6. Compare West v. United States, 592 F.2d 487, 489 (8th Cir. 1979) (doctor who is an officer in United States Public Health Service employee for purposes of Federal Tort Claims Act, 28 U.S.C. sec. 2671). Until Dr. Kennedy's

employment status has been clarified, he is not entitled to judgment.

**William G. Young**
**Justice of the Superior Court**