[Civil No. 4181.   Filed March 18, 1940.]

[100 Pac. (2d) 178.]

ROCCO VILIBORGHI and AQUILINA VILIBOR-
GHI, His Wife, Appellants, v. PRESCOTT
SCHOOL DISTRICT No. 1 OF YAVAPAI
COUNTY, STATE OF ARIZONA, a Political
Subdivision and a Body Corporate and Politic,
Appellee.

Mr. T. J. Byrne, for Appellants.

Mr. Charles L. Ewing, County Attorney of Yavapai County, and Mr. John R. Franks, Deputy County Attorney of Yavapai County, for Appellee.

LOCKWOOD, J.—This is an action by Prescott School District No. 1, hereinafter called plaintiff, against Rocco Viliborghi and Aquilina Viliborghi, his wife, hereinafter called defendants, and a number of others, to condemn certain real estate belonging to defendants, for public school purposes. The matter was tried to the court sitting without a jury, and judgment was rendered in favor of defendants for the sum of thirty-five hundred dollars, and from such judgment they have appealed.

There is but one question before us, and that is whether the evidence sustains the judgment. The rule applying to situations of this kind has been declared many times by this court, and may be stated as follows: If any reasonable evidence supports the judgment of the lower court, it will be sustained. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587. If the judgment is based upon conflicting testimony, the findings of the trial court will not be disturbed. *First Baptist Church* v. *Connor,* 30 Ariz. 234, 245 Pac. 932. And this rule applies to cases where the conflict in the evidence is between expert or opinion evidence as to the value of property, as well as to direct evidence.

*State Tax Com.* v. *United Verde Extension Min. Cc.,* 39 Ariz. 136, 4 Pac. (2d) 395. These rules are not questioned by either party. It is their application that is in issue.

■■ We have laid down the test as to the value of property in condemnation proceedings in the case of *Mandl* v. *City of Phoenix,* 41 Ariz. 351, 18 Pac. (2d) 271, 273, as being

" 'the highest price estimated in terms of money which the land would bring if exposed for sale in the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all of the uses and purposes to which it was adapted and for which it was capable.' "

Nor do defendants question this. But how should that value be determined? Our statute on condemnation proceedings is taken from California, and the procedure which the courts of that state have followed in such cases is very persuasive. In *City of Los Angeles* v. *Deacon,* 119 Cal. App. 491, 7 Pac. (2d) 378, the Supreme Court of California lays down the rule as follows:

"But conceding that all these facts would be taken into consideration by one endeavoring to determine the market value of a piece of property, it is nevertheless the settled law of this state that none of them may be proven for the purpose of establishing the market value. The procedure which is recognized as proper is, for the witness when found to be qualified to give an opinion as an expert, to state, first, what is, in his judgment, the market value of the property. [Citing case]. On this, the examination in chief, it may not be shown: For what sum the property was assessed [citing cases]; nor the value placed upon it by the appraisers in a probate proceeding, [citing cases]; nor the price offered for the property being condemned, [citing cases]; nor yet that offered or paid for lands in the neighborhood, [citing cases]. 'He should not be asked regarding specific facts in

the examination in chief.' [Citing case]. *On cross-examination, however, questions may be asked about these various matters:* Assessment and probate appraisals, [citing case]; prices offered and paid for other properties, [citing cases]. When evidence of sales, etc., is received on cross-examination, however, it is solely for the purpose of testing the value of the witness' testimony; it is not in itself evidence of value of the property. [Citing cases]. Nor is the rule any different on redirect examination than it is on the opening examination in chief, even though some specific sales may have been gone into during the cross-examination. [Citing case]." (Italics ours.)

■■ The substance of this is that the value must be shown by the opinion of expert witnesses. After a witness has qualified properly as an expert, he should state what in his judgment is the market value of the property, without showing upon what factors that opinion is based. On cross-examination, however, he may be asked as to all the different factors which he took into consideration in reaching his ultimate conclusion. This cross-examination, however, is allowed solely for the purpose of testing the value of the witness' testimony, and is not, in itself, evidence of the value of the property. The transcript of evidence shows that this was the general procedure followed with all of the expert witnesses called by both parties. One of the witnesses for defendants testified that he used only the capitalization of net income method of reaching a conclusion as to the value of the property. All of the others for both parties considered many different factors, which they stated in full.

The only case cited by defendants is that of *City of Chicago* v. *Lord,* 276 Ill. 357, 115 N. E. 12. The rule laid down by that case as to the test of the value of the property is not in harmony with that obtaining in this state, but even assuming that it was, the appellate court in Illinois apparently based its decision on a

review of the weight of the evidence. This, as we have stated, is not the rule followed by the appellate court in Arizona.

The trial court was at liberty, in arriving at its conclusions, to take into consideration not only the market value as fixed by the different witnesses, but the methods they used in arriving at that value, and give such weight to each of the factors as it deemed proper. *State Tax Com.* v. *United Verde Min. Co., supra.*

Under the rules of law followed in Arizona we cannot say there was not sufficient evidence in the record to sustain the judgment, and it is, therefore, affirmed.

ROSS, C. J., and McALISTER, J., concur.