941 P.2d 1288

**K.B., natural mother of A.B., a minor, Plaintiff–Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.**

No. 1 CA–CV 96–0377.

Court of Appeals of Arizona, Division 1, Department A.

July 17, 1997.

Crowe & Scott, P.A. by Michael B. Scott (Deceased), Phoenix, for Plaintiff–Appellant.

Peshkin & Kotalik, P.C. by Lawrence A. Peshkin, E.J. Kotalik, Jr. and Paulette S. Sarp, Phoenix, for Defendant–Appellee.

## OPINION

GRANT, Judge.

In this case, we examine an insured's guilty plea to attempted child molestation and whether it falls within an intentional acts exclusion in a homeowner's insurance policy. We hold that the victim,[1] as the assignee of the insured's rights against the insurer, is estopped from using the insured's voluntary intoxication to deny that he acted intentionally. The intentional acts exclusion therefore applies, and there is no coverage for the unfortunate incident.

## FACTS AND PROCEDURAL HISTORY

Over the weekend of May 9 and 10, 1992, Charles and Frances Bejarano held a wedding reception for their daughter at their home in Globe, Arizona. In attendance were K.B. and her daughter, A.B., who was then seven years old. John Bejarano ("John"), who lived in his parents' home, also attended the reception.

In the early morning hours of May 10, John sexually molested A.B. in the Bejarano home. He later pled guilty to attempted child molestation. Despite the guilty plea, John asserts he did not intend to harm A.B. physically or emotionally; the incident occurred because he was "totally intoxicated." John was an omnibus insured under his parents' homeowner's policy issued by State Farm Fire and Casualty Company ("State Farm"). The policy contained this provision:

[Liability] [c]overage do[es] not apply to:

a. bodily injury or property damage:

(1) which is either expected or intended by an insured. . . .

A.B., through her mother K.B.,[2] filed suit against John. State Farm had previously informed John that it disclaimed coverage; it asserted that, because he pled guilty, the incident was excluded under the intentional acts provision, and did not fit within the policy's definition of "occurrence" which required an "accident." John then entered into a *Morris* agreement[3] with the Plaintiff. He allowed judgment to be entered against him and assigned his rights against State Farm to the Plaintiff in exchange for a covenant not to execute against him.

The Plaintiff then filed this suit against State Farm for breach of contract and bad faith. State Farm moved for summary judgment, arguing the intentional acts exclusion applied, the incident was not an "occurrence" as defined in the policy, and the statute of limitations had run on the bad faith claim. The court granted the motion and entered judgment in State Farm's favor. The Plaintiff filed a timely notice of appeal. This court has jurisdiction pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(B) (1994).

## DISCUSSION

An intentional acts exclusion is "designed to exclude coverage when an insured acts

---

1. Due to the nature of the victim's claim and her age, we refer to her and her mother by initials to protect her privacy.

2. Hereafter referred to as the Plaintiff.

3. *United Serv. Auto. Ass'n v. Morris*, 154 Ariz. 113, 741 P.2d 246 (1987).

from the 'exercise of his own volition.' " [4] *Republic Ins. Co. v. Feidler*, 178 Ariz. 528, 531, 875 P.2d 187, 190 (App.1993) (quoting *Transamerica Ins. Group v. Meere*, 143 Ariz. 351, 356, 694 P.2d 181, 186 (1984)). It "excludes coverage for losses when the insured controls the risk and when the loss results from the insured's 'own willful wrongdoing.' " *Feidler*, 178 Ariz. at 531, 875 P.2d at 190 (quoting *Meere*, 143 Ariz. at 356, 694 P.2d at 186). The provision "applies only when the insured has the subjective, specific intent to injure the victim"; the fact the insured committed an intentional act does not, by itself, invoke the exclusion. *Id.* (quoting *Meere*, 143 Ariz. at 356, 359, 694 P.2d at 186, 189).

■■■ Whether the insured had a subjective intent to injure is normally a question of fact. *Feidler*, 178 Ariz. at 531, 875 P.2d at 190; *Farmers Ins. Co. of Arizona v. Vagnozzi*, 138 Ariz. 443, 449, 675 P.2d 703, 709 (1983). However, there is a presumption of intent to injure if the act is " 'virtually certain to cause injury.' " *Feidler*, 178 Ariz. at 531, 875 P.2d at 190 (quoting *St. Paul Property & Liab. Ins. Co. v. Eymann*, 166 Ariz. 344, 349, 802 P.2d 1043, 1048 (App.1990)). The so-called *"Steinmetz–Clark"* presumption applies " 'if the nature and circumstances of the insured's intentional act were such that harm was substantially certain to result.' " *Feidler*, 178 Ariz. at 531, 875 P.2d at 190 (quoting *Phoenix Control Sys. Inc. v. Insurance Co. of N. Am.*, 165 Ariz. 31, 36, 796 P.2d 463, 468 (1990)); *see Steinmetz v. National Am. Ins. Co.*, 121 Ariz. 268, 271, 589 P.2d 911, 914 (App.1979); *Clark v. Allstate Ins. Co.*, 22 Ariz.App. 601, 602, 529 P.2d 1195, 1196 (App.1975).

■■■ The *Steinmetz–Clark* presumption does not apply, however, when the insured lacks the " 'mental capacity to act rationally.' " *Feidler*, 178 Ariz. at 532, 875 P.2d at 191 (quoting *Globe Am. Cas. Co. v. Lyons*, 131 Ariz. 337, 339–40, 641 P.2d 251, 253–54 (App.1981)). If the person lacks the capacity to act rationally, his act is not intentional because he no longer controls the risk of loss.

*Feidler*, 178 Ariz. at 532, 875 P.2d at 191; *Meere*, 143 Ariz. at 359, 694 P.2d at 189.

[I]f the insured was suffering from a derangement of his intellect which deprived him of the capacity to govern his conduct in accordance with reason and while in that condition [acted] on an irrational impulse ... his act cannot be treated as "intentional" within the connotation of defendant's insurance contract.

*Lyons*, 131 Ariz. at 340, 641 P.2d at 254 (quoting *Ruvolo v. American Cas. Co.*, 39 N.J. 490, 189 A.2d 204, 208–09 (1963)). When the insured lacks rational capacity, "[a]pplication of the exclusionary clause would be 'inconsistent with a primary purpose for incorporating intentional injury exclusions ..., i.e. to preclude individuals from benefiting financially when they deliberately cause injury.' " *Feidler*, 178 Ariz. at 532, 875 P.2d at 191 (quoting *Meere*, 143 Ariz. at 359, 694 P.2d at 189). If a person is "so intoxicated that he lacked the mental capacity to act intentionally," the *Steinmetz–Clark* presumption does not apply. *Feidler*, 178 Ariz. at 532, 875 P.2d at 191. Voluntary intoxication can prevent a person from having the requisite mental capacity. *Id.; see Eymann*, 166 Ariz. at 352, 802 P.2d at 1051.

The Plaintiff argues that John was intoxicated and did not intend to injure her; thus, the voluntary acts exclusion does not apply. At the time of the incident, the criminal code allowed a defense of involuntary intoxication for intent crimes:

No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when the actual existence of the culpable mental state of intentionally or with the intent to is a necessary element to constitute any particular species or degree of offense, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the

---

4. *See generally Ohio Cas. Ins. Co. v. Henderson*, 189 Ariz. 184, 188–189, 939 P.2d 1337, 1341–42 (1997) (interpreting "expected or intended" injury exclusion in homeowner's policy as including

culpable mental state with which he committed the act.

A.R.S. § 13–503 (1989).[5]

■ State Farm responds that because John pled guilty to attempted child molestation, he is statutorily estopped from denying he acted intentionally. At the pertinent times in this suit, A.R.S. section 13–807 provided:

A defendant convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilt resulting from no contest pleas....

A.R.S. § 13–807 (1989).[6]

Section 13–807 precludes John from denying the "essential allegations" of the crime of which he was convicted. This precludes him from denying he had the "minimally sufficient mental state necessary" for conviction of the crime, as defined in the statute. *Feidler*, 178 Ariz. at 533, 875 P.2d at 192. He pled guilty to attempted child molestation, in violation of A.R.S. sections 13–1410 and 13–1001. Section 13–1410 provides:

A person who knowingly molests a child under the age of fifteen years by directly or indirectly touching the private parts of such child ... is guilty of a class 2 felony....

A.R.S. § 13–1410 (1989).[7] The "attempt" statute provides:

A. A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:

1. Intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be; or

2. Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense; or

3. Engages in conduct intended to aid another to commit an offense, although the offense is not committed or attempted by the other person, provided his conduct would establish his complicity under chapter 3 if the offense were committed or attempted by the other person.

A.R.S. § 13–1001(A) (1989).

Relying on *Feidler*, the Plaintiff incorrectly argues John is not estopped from using his intoxication to deny he acted intentionally. The assailant in *Feidler* pled no contest to aggravated assault. 178 Ariz. at 529, 875 P.2d at 188. Aggravated assault occurs when the defendant intentionally, knowingly, or recklessly causes serious physical injury. *Id.* at 533, 875 P.2d at 192 (citing A.R.S. §§ 13–1203(A)(1), –1204(A)(1)). *Feidler* held the minimally sufficient mental state necessary for aggravated assault was therefore recklessness. *Id.* Analyzing the statutory definition, the court held a person can act "recklessly" even if he is intoxicated at the time. *Id.* (citing A.R.S. § 13–105(6)(c)); *State v. Bravo*, 131 Ariz. 168, 171, 639 P.2d 358, 361 (App.1981). Even if the assailant "was so intoxicated that he was not able to form an intent to injure, he still could be guilty of recklessly committing aggravated assault." *Id.* Thus A.R.S. section 13–807 did not estop the assailant from asserting he was intoxicated and did not act intentionally.

■ By contrast, the minimally sufficient mental state necessary for a conviction of attempted child molestation is "intentionally." *See* A.R.S. § 13–1001(A) (1989). "Intentionally" means "that a person's objective

---

both intentional injury and conduct with substantial certainty harm will occur).

**5.** 1993 Ariz.Sess. Laws ch. 256, § 2 (effective January 2, 1994). The new law provides:

Temporary intoxication resulting from the voluntary ingestion, consumption, inhalation or injection of alcohol, an illegal substance under chapter 34 of this title or other psychoactive substances or the abuse of prescribed medications does not constitute insani-

ty and is not a defense for any criminal act or requisite state of mind.

A.R.S. § 13–503 (Supp.1996).

**6.** A recent amendment to section 13–807 limits its preclusive effect to subsequent civil actions "brought by the victim or this state against the criminal defendant." A.R.S. § 13–807 (Supp. 1996).

**7.** This section was later amended. A.R.S. § 13–1410 (Supp.1996).

is to cause that result or to engage in that conduct." A.R.S. § 13–105(6)(a) (1989).[8] By pleading guilty to attempted child molestation, John has admitted he acted with the intent to molest her—that was his objective. The intoxication defense allowed in *Feidler* is therefore not available to him, and the intentional acts exclusion precludes coverage.[9]

 Relying on *Feidler*, the Plaintiff argues the statutory estoppel against John does not apply to her. In *Feidler*, we held the statute did not estop the victim:

[T]he doctrine of collateral estoppel, which section 13–807 appears to adopt, does not preclude those who were not parties to the prior proceeding. Victims are not parties to a criminal trial. Collateral estoppel binds only parties, or their privies, to a prior proceeding. The doctrine is only invoked against a party who "had a full opportunity to litigate the matter and actually did litigate it." A victim is not a party to the criminal trial and he has no opportunity to litigate the issues. The victim is therefore not precluded in a civil proceeding on issues decided in the criminal proceeding.

178 Ariz. at 533, 875 P.2d at 192 (citations omitted). But State Farm asserts statutory estoppel against the Plaintiff *as assignee of John Bejarano*, whom we have held estopped. An assignee steps into the shoes of her assignor. She "can stand in no better position than the assignor" and "[a]n assignment cannot alter the defenses or equities of the third party." *Stephens v. Textron, Inc.*, 127 Ariz. 227, 230, 619 P.2d 736, 739 (1980).

*Accord Carpenter v. Superior Court*, 101 Ariz. 565, 567, 422 P.2d 129, 131 (1966) (rights of insured's judgment creditor against insurer are no greater than the insured's, "in whose shoes he stands"). We recognized this principle in *Feidler*:

When an insured assigns his right to sue his insurer under a liability policy, the assignee takes only those rights that the defendant had. *Carpenter v. Superior Court*, 101 Ariz. 565, 567, 422 P.2d 129, 131 (1966). The assignee's rights are derivative of the insured's and the assignee is subject to the same defenses as the defendant was.

178 Ariz. at 534, 875 P.2d at 193.

The Plaintiff nonetheless argues *Feidler* retreated from the general rule because we there held the victim was not estopped. This argument is without merit. In *Feidler*, the insurer failed to argue in the trial court that the plaintiff was estopped as assignee of the insured. *Id.* We therefore declined to consider the new argument on appeal. *Id.* at n. 4. By contrast, State Farm did raise this issue in its motion for summary judgment. In *Feidler*, we also noted the argument would not have succeeded even if it had been properly raised: the insured was not estopped, and his assignee therefore could not be. 178 Ariz. at 534, 875 P.2d at 193. *Feidler* did not retreat from the rule that the assignee takes no more rights than her assignor has.

 The Plaintiff argues summary judgment violated her constitutional right to a jury trial. *See* Ariz. Const. art. 2, § 23

---

**8.** The current version may be found at A.R.S. section 13–105(9)(a) (Supp.1996).

**9.** John Bejarano's conviction for attempted molestation required that he intend to molest A.B. A conviction for the completed offense would have required a finding, not of intent, but that he "knowingly" molested her. That term is defined:

"Knowingly" means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission.

A.R.S. § 13–105(6)(b) (1989) (current version at A.R.S. § 13–105(9)(b) (Supp.1996)).

The apparent anomaly vanishes upon closer examination, however. Under the *Steinmetz–Clark* rule, because John would have committed "an act 'virtually certain to cause injury,' " there is a "conclusive presumption of intent to injure." *Feidler*, 178 Ariz. at 531, 875 P.2d at 190 (quoting *Eymann*, 166 Ariz. at 349, 802 P.2d at 1048). So, despite protestations that he did not subjectively intend to injure his victim, the intentional acts exclusion would still apply. *See Continental Ins. Co. v. McDaniel*, 160 Ariz. 183, 185, 772 P.2d 6, 8 (App.1988) (sexual harassment "was so certain to cause injury ... that his intent to cause harm is inferred as a matter of law, despite his statements to the contrary that all he intended was to provide pleasure and satisfaction"). In any event, the Plaintiff has not made this argument.

("The right of trial by jury shall remain inviolate."). This argument was not raised below, and we generally do not consider arguments, including ones concerning constitutional issues, raised for the first time on appeal. *Murphy v. Town of Chino Valley,* 163 Ariz. 571, 578, 789 P.2d 1072, 1079 (App. 1989); *Feidler,* 178 Ariz. at 534 n. 4, 875 P.2d at 193 n. 4. In any event, the Arizona Rules of Civil Procedure do not require a jury trial where there are no genuine fact disputes on relevant issues. *Morrell v. St. Luke's Med. Ctr.,* 27 Ariz.App. 486, 490, 556 P.2d 334, 338 (App.1976).

## CONCLUSION

Because the intentional acts exclusion applied, State Farm acted properly in declining to cover John Bejarano for the incident, and

it did not breach the insurance contract.[10] In her reply brief the Plaintiff has withdrawn her claim for bad faith.

State Farm has requested attorney's fees pursuant to A.R.S. section 12–341.01(A) (1992). In the exercise of our discretion, we deny the request.

The judgment is affirmed.

TOCI and RYAN, JJ., concur.

---

**10.** Because we hold the intentional acts exclusion applies, we need not reach State Farm's argument that there is no coverage because there was no "occurrence," as defined in the policy.

*See generally Henderson,*189 Ariz. at 186, 939 P.2d at 1339 (explaining policy's evolution from "accident" coverage to "occurrence" coverage, both with intentional injury exclusions).