3 P.3d 1058

**PIMA COUNTY, a body politic and corporate, Plaintiff/Appellant,**

**v.**

**Jerome P. HOGAN, an unmarried man, Defendant/Appellee.**

**No. 2 CA–CV 99–0065.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 30, 1999.

Barbara LaWall, Pima County Attorney by Thomas E. Dugal, Tucson, for Plaintiff/Appellant.

Stubbs & Schubart, P.C. by Damian M. Fellows, Tucson, for Appellee.

*OPINION*

BRAMMER, Presiding Judge.

¶ 1 Pima County (the County) appeals the trial court's order denying its request for sanctions against appellee Jerome Hogan under Rule 68, Ariz. R. Civ. P., 16 A.R.S., after a bench trial in this eminent domain action. The County contends that the trial court erred when it found that Rule 68 did not apply to eminent domain proceedings, relying instead on A.R.S. § 12–1128. We affirm.

### Facts and Procedural Background

¶ 2 The County brought this eminent domain action against Hogan pursuant to A.R.S. § 12–1116 for road construction. Before trial, the County filed an offer of judgment pursuant to Rule 68 in the amount of $30,000, plus taxable costs. Hogan moved to strike the offer on the ground that Rule 68 does not apply to eminent domain proceedings. The parties stipulated that the court would not rule on that motion until after the trial.

¶ 3 Following a bench trial, the court awarded Hogan $27,890 for the parcel condemned, plus taxable costs. The County then moved, pursuant to Rule 68, for sanctions in the form of compensation for its expert witness and double its taxable costs because the award was more favorable to it than its pretrial offer. Applying § 12–1128, rather than Rule 68, the trial court denied the County's motion. This appeal followed.

### Discussion

¶ 4 Rule 68(a) provides that a party may offer to allow judgment to be entered for or against that party in a certain amount. If the opposing party rejects the offer and the judgment ultimately obtained "is equal to, or more favorable to the offeror than, the offer, the offeree must pay, as a sanction, those reasonable expert witness fees and double the taxable costs of the offeror, ... incurred after the making of the offer." Ariz. R. Civ. P. 68(d). The County argues that Rule 68, which applies to civil actions generally, applies to eminent domain proceedings as well because the purpose of the rule, which is to encourage settlement, is equally applicable to eminent domain actions. The County argues this is so despite the apparent conflict between the rule and § 12–1128, a statute that specifically applies to eminent domain actions. We review this issue of law de novo. *Wersch v. Radnor/Landgrant—A Phoenix Partnership*, 192 Ariz. 99, 961 P.2d 1047 (App.1997).

¶ 5 Section 12–1128 provides as follows:

Costs and jury fees

A. Costs may be allowed or not, and if allowed may be apportioned between the parties on the same or adverse sides, in the discretion of the court.

B. The jury fee may be assessed or not against the plaintiff, in the discretion of the court. If jury fees are so assessed, they shall be calculated in the same manner and amounts as in other civil actions and the plaintiff shall pay such fee to the clerk of the court for transmittal to the county treasurer who shall dispose such monies in the same manner as the disposition of other jury fees.

C. In an action for condemnation of property by or on behalf of an educational, reformatory or penal institution of the state, if the board or officers having charge of the institution, prior to commencement of the action or proceeding, tender to the owner of the property such sum of money as the board or officers deem the reasonable value of the property, and the owner refuses to accept it and transfer the property, then all costs and expenses of the action or proceeding shall be taxed against the owner unless the sum of money assessed in the judgment as the value of the property and compensation to be paid therefor is greater than the amount so tendered.

The statute mandates cost shifting between the parties only in those circumstances described in subsection (C). In all other circumstances, the court has discretion to apportion costs based on factors such as the degree of the property owner's success or failure at trial, and whether the property owner was reasonable or frivolous in asserting a claim for greater compensation. *See City of Phoenix v. Mori*, 182 Ariz. 612, 898 P.2d 990 (App.1995). Presumably, the purpose of the provision, like the purpose behind the rule, is to encourage settlement. See *Wersch*. Noting this apparent similarity of purposes, the County argues that application of Rule 68 to eminent domain proceedings would not conflict with the statute. Additionally, citing Rules 1 and 81, Ariz. R. Civ. P., 16 A.R.S., the County contends that Rule 68 applies to all civil proceedings, and therefore to eminent domain proceedings as well.

¶ 6 In its order, the trial court analyzed the problem as follows:

A.R.S. § 12–1128 applies specifically to eminent domain proceedings and provides for sanctions against the owner of property when the owner refuses an offer made on behalf of an educational, reformatory, or penal institution of the state. A.R.S. § 12–1128 provides for the award of all the costs and expenses to the offeror. Rule 68 sanctions provide for the award of expenses and <u>double</u> the taxable costs of the offeror to be paid by the offeree. Comparatively then, Rule 68 is the more onerous of the two provisions. Under the County's theory that Rule 68 applies to condemnation cases, the following two scenarios are possible, both of which render the substantive statute meaningless.

First, if Rule 68 applies to all condemnation cases except for the condemnation cases falling under A.R.S. § 12–1128(C), then this statute could theoretically cushion certain owners of property from full Rule 68 sanctions (double costs and expert witness fees) when the clear intent of this statute is to penalize those certain property owners under special situations, i.e., when their property is needed for institutions that the state deems of higher priority than others. A reading of A.R.S. § 12–1128 in this manner would be illogical and would seem to fly in the face of the [legislature's] intent.

Conversely, if this Court found that Rule 68 applies to all condemnation cases, then A.R.S. § 12–1128 would be rendered void and meaningless. This would be an inappropriate attempt by the Court to exercise legislative function.

The court determined that application of Rule 68 to condemnation cases would render meaningless § 12–1128, a specific, substantive statute.

¶ 7 We must first decide whether there is a conflict between the statute and the rule, recognizing that we attempt to harmonize the two if possible. *Drozda v. McComas*, 181 Ariz. 82, 887 P.2d 612 (App.1994); *Phoenix of Hartford, Inc. v. Harmony Restaurants, Inc.*, 114 Ariz. 257, 560 P.2d 441 (App.1977). Under § 12–1128(A), a court

has broad discretion to award costs among the parties, and therefore may, but need not, award costs to a party who rejected an offer of judgment and did no better after a trial. Rule 68, however, mandates the shifting of costs to the offeror under such circumstances and would require it here. Further, although this case does not involve an institution covered by § 12–1128(C), we agree with the trial court that applying Rule 68 to condemnation cases could yield incongruous results. Given the direct conflict between the statute and rule, it appears they cannot be harmonized. Thus, we must decide which of the two applies to eminent domain proceedings.

¶ 8 The Arizona Supreme Court has the power to promulgate rules of procedure. Ariz. Const. art. VI, § 5(5). When a statute conflicts with a procedural rule on a procedural matter, the rule controls. See *State ex rel. Napolitano v. Brown*, 194 Ariz. 340, 982 P.2d 815 (1999); *Pompa v. Superior Court*, 187 Ariz. 531, 931 P.2d 431 (App.1997). Matters of substantive law, however, are controlled by statute or constitutional law. The distinction between procedural and substantive law is often difficult to discern. "[S]ubstantive law is that part of the law which creates, defines and regulates rights; whereas the [procedural] law is that which prescribes the method of enforcing the right or obtaining redress for its invasion." *State v. Birmingham*, 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964).

¶ 9 The federal and Arizona constitutions preclude the taking of private property for public use without just compensation, which compensation shall be determined by a jury unless that right is waived. U.S. Const. amend. V; Ariz. Const. art. II, § 17. Although the apportionment of costs appears, on the surface, to be procedural, it affects a substantive right in eminent domain cases. Requiring the property owner to pay the condemnor's costs pursuant to Rule 68 arguably reduces the amount of "just compensation" to which the landowner is constitutionally entitled.[1] *See Grand River Dam*

---

1. This can be seen from the facts of this case. In comparison to the $27,890 awarded in compensation, the county requested over $10,000 in sanctions under Rule 68.

*Authority v. Jarvis*, 124 F.2d 914 (10th Cir. 1942) (finding that reason for rule requiring condemnor to pay costs of original condemnation proceeding is that to impose costs upon the landowner would violate the constitutional requirement of just compensation); *City of Anchorage v. Scavenius*, 539 P.2d 1169, 1175–76 (Alaska 1975) (refusing to apply Alaska version of Rule 68 because requiring property owner to risk payment of substantial expenses to secure award "would so chill the right to secure just compensation as to nullify the effectiveness of the constitutional provisions"); *City of Los Angeles v. Ricards*, 10 Cal.3d 385, 110 Cal.Rptr. 489, 515 P.2d 585, 588 (1973) (finding trial court's discretion to apportion costs limited by landowner's constitutional right to "full compensation for their property");[2] *see generally* 1A *Nichols on Eminent Domain* § 4.109 (Julius L. Sackman, 3d ed.1999). Because this is an area of substantive law, a procedural rule cannot abridge the substantive right of just compensation. *See Rosner v. Denim & Diamonds, Inc.*, 188 Ariz. 431, 937 P.2d 353 (App.1996) (procedural rules cannot abridge substantive rights). Mandatory cost allocation in eminent domain proceedings pursuant to Rule 68 implicates a substantive, constitutional right. Therefore, the rule, which conflicts with the statute, does not apply.

¶ 10 The legislature, in determining how just compensation is to be determined, has prescribed limited circumstances in which cost shifting is mandatory, those actions in which the condemnor is "an educational, reformatory or penal institution." § 12–1128(C). This action does not fall into any of these categories. Only § 12–1128(A) could apply here. The county is not, however, challenging whether the trial court abused its discretion under § 12–1128(A). Because neither party has challenged the constitutionality of the statute, we need not decide whether

the limited cost shifting allowed by the legislature passes constitutional muster. We simply hold that any cost shifting must be accomplished substantively, and not pursuant to a procedural rule.

### Conclusion

¶ 11 The trial court did not err in refusing to apply Rule 68. We therefore affirm the trial court's order denying the County's request for sanctions.

CONCURRING: M. JAN FLÓREZ, Judge.

HOWARD, Judge, dissenting.

¶ 12 I dissent because I believe that Rule 68, Ariz. R. Civ. P., 16 A.R.S., can be harmonized with A.R.S. § 12–1128, that it imposes a sanction rather than impermissibly impairs a substantive constitutional right, and that it properly balances the public policies involved.

¶ 13 Rule 68 and § 12–1128(A) can be harmonized because they deal with distinct situations. *See Drozda v. McComas*, 181 Ariz. 82, 887 P.2d 612 (App.1994) (apparently conflicting rules and statutes should be harmonized wherever possible). Section 12–1128(A) gives the trial court discretion to allocate costs between the parties. Rule 68 does not award costs; it imposes a sanction—reasonable expert witness fees, double taxable costs, and prejudgment interest—when a party refuses an offer of judgment and fails to obtain a more favorable result. *See State v. McDonald*, 88 Ariz. 1, 352 P.2d 343 (1960) (expert witness fees not costs under § 12–1128(A)).

¶ 14 The distinction between sanctions in Rule 68 and cost awards in § 12–1128(A) becomes even more clear when considering the interaction between Rule 68 and A.R.S.

---

2. We have often relied on California jurisprudence in eminent domain cases. In 1914 Arizona adopted a constitutional "'just compensation' clause essentially indistinguishable" from that of California. *City of Phoenix v. Mori*, 182 Ariz. 612, 614, 898 P.2d 990, 992 (App.1995); *see also Viliborghi v. Prescott School Dist. No. 1*, 55 Ariz. 230, 100 P.2d 178 (1940) (relying on California authority due to similarity of eminent domain statutes); *Flood Control Dist. of Maricopa*

*County v. Hing*, 147 Ariz. 292, 709 P.2d 1351 (App.1985). The dissent notes Mori's reliance on California law as an illustration of the constitutionality of sanctions against landowners. We simply note that California does not allow plaintiffs, presumably governmental agencies, in eminent domain cases to use offers of judgment to impose sanctions on the opposing party. *See* Cal. Civ. P.Code § 998(d) and (g) (West 1980).

§ 12–341 in noncondemnation cases. Section 12–341 requires an award of costs to the successful party. But Rule 68 often sanctions the same "successful" party when an offer of judgment has been made and the successful party receives a judgment less than the offer. *See Drozda.* Rule 68 and § 12–341 could not be harmonized if they dealt with the same situation. They do not. Section 12–341 deals with costs and Rule 68 imposes a sanction. Likewise, § 12–1128(A) allocates costs and Rule 68 imposes a sanction. *If* Rule 68 can coexist with § 12–341, *see Drozda,* it can also coexist with § 12–1128(A).

¶ 15 Rule 68 and § 12–1128(C) also apply in different situations. First, § 12–1128(C) awards a sanction only in the small minority of condemnation actions that are initiated by "an educational, reformatory or penal institution" and therefore does not provide any impetus for settlement in the remainder of condemnation cases. Second, the statute awards a sanction only if the landowner fails to obtain a better judgment than an offer made "prior to commencement of the action or proceeding." Rule 68, however, only applies to offers "to allow judgment to be entered *in the action*" and which are made "[a]t any time more than 30 days before the trial begins." (Emphasis added.) Because Rule 68 and § 12–1128(C) apply to offers made at different time periods and could be applied in the same action, they do not conflict.[3]

¶ 16 I also disagree with the majority's conclusion that, because Rule 68 "affects a substantive right" in condemnation cases, it impermissibly infringes on the substantive constitutional right to just compensation as determined by a jury. See Ariz. Const. art. II, § 17. First, Rule 68 is a procedural device and its purpose is to encourage settlement of actions filed in superior court, *see Wersch v. Radnor/Landgrant–A Phoenix Partnership,* 192 Ariz. 99, 961 P.2d 1047 (App.1997), not to change the landowner's substantive right to compensation.[4] Second,

all of the Rules of Civil Procedure affect the exercise of the litigants' substantive, even constitutional, rights in all cases, but that does not necessarily render them inapplicable. For example, Rule 56, Ariz. R. Civ. P., which allows for the entry of summary judgment, applies in all cases and does not violate article II, § 23, of the Arizona Constitution, which provides that "[t]he right of trial by jury shall remain inviolate." *See K.B. v. State Farm Fire & Cas. Co.,* 189 Ariz. 263, 941 P.2d 1288 (App.1997); *Morrell v. St. Luke's Med. Ctr.,* 27 Ariz.App. 486, 556 P.2d 334 (1976) (Rule 56 does not unconstitutionally impair right to jury trial). Rule 56 creates a far greater encroachment on the constitutional right to a jury trial than an assessment of sanctions under Rule 68. And Rule 68 is routinely applied in cases where the parties are entitled to a jury trial under article II, § 23, despite any potential chilling effect it may have. I see no reason for the constitutional right to a jury trial under article II, § 17, of the Arizona Constitution in condemnation cases to be treated differently than the constitutional right to a jury trial under article II, § 23. In each situation, Rule 68 is a procedural rule which regulates the method of exercising a litigant's substantive rights.

¶ 17 Turning then to the case at hand, article II, § 17, provides that a landowner is entitled to just compensation, as determined by a jury, when private property is taken for public use. As noted by the majority, there is authority for the proposition that awarding costs to the condemning authority impermissibly lowers the passive landowner's just compensation. But reducing constitutionally-guaranteed just compensation has already been upheld in *City of Phoenix v. Mori,* 182 Ariz. 612, 898 P.2d 990 (App.1995) (allocation of costs) and in McDonald (refusing to grant landowner its expert witness fees). And Rule 68 awards a sanction, not costs, to the condemning authority when the landowner refuses an offer of just compensation, need-

---

3. Section 12–1127, A.R.S., which provides for an award of costs if a landowner applies for and receives a new trial, but fails to obtain greater compensation, imposes a sanction similar to Rule 68, but, again, in a different context.

4. Assuming there is a conflict between Rule 68 and § 12–1128, therefore, Rule 68 would take precedence over the statute. *See State v. Robinson,* 153 Ariz. 191, 735 P.2d 801 (1987) (court rules prevail over conflicting statute on procedural matters).

lessly extends the litigation, and fails to obtain a better judgment. It applies only to landowners who unjustifiably continue litigation and therefore does not apply to the passive landowner referred to in the award of costs cases or in Nichols's discussion cited in the majority. Finally, any requirement for just compensation is satisfied when the condemnation plaintiff offers the landowner just compensation without further litigation. If the landowner refuses the offer of just compensation, persists with the litigation, and receives "just compensation" which is less than or equal to the offer, I see no constitutional impediment to imposing a sanction.

¶ 18 The majority correctly cites *City of Anchorage v. Scavenius*, 539 P.2d 1169 (Alaska 1975), as having resolved a similar issue. In *Scavenius*, Rule 72, Alaska R. Civ. P., applied solely to condemnation actions and had been interpreted as being the exclusive authority for the award of costs and attorney's fees in such actions. The Scavenius court found that Rule 68, Alaska R. Civ. P., should not apply because it conflicted with the condemnation-specific Rule 72. But we have no rule in Arizona similar to Alaska's Rule 72. The court also held that allowing an award of costs might prevent the landowner from taking the risk of challenging the condemnor's appraisal of the property. In doing so, I believe it improperly balanced the conflicting policy considerations.

¶ 19 In every type of case other than condemnation, the public policy in favor of reducing needless litigation has outweighed the policy in favor of a trial on the merits. *See* Ariz. R. Civ. P. 68. The opinion in *Scavenius* and our record here are devoid of any factual support for prohibiting Rule 68 sanctions only in condemnation cases. Governmental agencies are sued constantly for, among other things, motor vehicle accidents, wrongful discharge, assault and battery, wrongful death, defamation, trespass, and breach of contract. In each such litigation, an average person[5] could be at a disadvantage because of the economic power of the governmental agency. Yet we unflinchingly apply Rule 68

to these situations, apparently satisfied that the rights of the average person are adequately protected. We have been presented with no evidence distinguishing these litigants from a landowner in a condemnation action or supporting a finding of a chilling effect from governmental agencies' offers of judgment.

¶ 20 I see no valid distinction between condemnation cases and other civil cases that would justify treating them differently. In condemnation cases, a landowner who had no prior relationship with the condemning authority is indeed unwillingly dragged into litigation against a powerful adversary. This situation is, however, no different than an unwilling plaintiff who is struck by a vehicle owned and operated by a governmental agency. In the motor vehicle accident case, the adversaries had no prior relationship, there is often an inequality of resources between the parties, and a jury trial is constitutionally available. The rules of procedure have balanced the public policy considerations in favor of reducing unnecessary litigation by providing for a sanction under Rule 68 and an assessment of costs under § 12–341. I see no principled distinction between the personal injury plaintiff who is unfortunately in the path of a government truck and the landowner whose property is unfortunately in the path of a government road.

¶ 21 In this day of litigiousness and overcrowded courts, needless litigation should be avoided and there should be a penalty for unjustifiably pursuing or defending an action. Public policy is best served by treating condemnation cases the same as any other case for purposes of applying Rule 68. If a landowner refuses an offer of just compensation without further litigation, and fails to receive a greater judgment after trial, Rule 68 sanctions should be applied. In *Mori*, Division One of this court opined, in dicta, based on its review of California law, that a court could award sanctions against an obstructive landowner pursuant to A.R.S. §§ 12–341.01(C) or 12–349. I would hold today that, when appropriate, a court is required to

---

5. We have been presented no evidence that landowners are typically "average persons," or land speculators, developers, ranchers, or corporations.

award sanctions against an obstructive landowner under Rule 68.

¶ 22 Finally, when our supreme court has adopted a rule which on its face applies to all actions, I believe courts should apply it until the supreme court changes it, as has occurred in Alaska.

¶ 23 For all of these reasons, I dissent.