**James CRETENS; Bonita Cretens, Plaintiffs–Appellants,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant– Appellee.**

No. 99–16961.

D.C. No. CV–97–00440–WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2001.

Decided April 5, 2001.

Before NOONAN, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM [1]

Jeff Poer (Poer) was convicted of voluntary manslaughter of his wife, Kim Poer. Kim Poer's parents and daughter, collec-

tively the Cretens, won a $1.5 million judgment in a wrongful death action against Poer. After the judgment, Poer signed over all possible rights against State Farm Fire and Casualty Company (State Farm) to the Cretens. The Cretens sued State Farm for breach of contract and bad faith because State Farm denied coverage for Poer's criminal act under the intentional acts exclusion and the household exclusion of the family's homeowner's insurance policy. The Cretens appeal the district court's summary judgment in favor of State Farm on all of the Cretens' claims.

In the present case, the Cretens contend that Poer's manslaughter conviction does not require denial of coverage under the policy's intentional acts exclusion, which applies to acts "either expected or intended by an insured." A.R.S. § 13–807 precludes a convicted perpetrator or his assignees from denying, in a subsequent civil case, the essential elements of the crime for which the perpetrator was convicted, including the "minimally sufficient mental state necessary" for conviction of the crime. A.R.S. § 13–807 (1992); *K.B. v. State Farm Fire & Cas. Co.*, 189 Ariz. 263, 941 P.2d 1288, 1291 (Ariz.Ct.App.1997).

We must decide if Poer's conviction of a crime for which the minimally sufficient mental state necessary was "knowingly" precludes his assignees from recovery here. No Arizona case is precisely on point. True, Arizona law defines "intentionally" and "knowingly" as different mental states. *See* A.R.S. § 13–105(9)(a) and (b). But the definition of manslaughter under which Poer was convicted was as follows:

1. The defendant intentionally killed another person; or the defendant caused the death of another person by

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

conduct which he knew would cause death or serious physical injury; and

2. The defendant acted upon a sudden quarrel or heat of passion; and

3. The sudden quarrel or heat of passion resulted from adequate provocation by the person who was killed.

The instructions permitted Poer to be convicted if he was provoked and impassioned; they did not permit his conviction if he lacked all capacity to act rationally.

We conclude that the jury's finding that Poer, at a minimum, "caused the death of another person by conduct which he knew would cause death or serious physical injury" precludes the Cretens from denying that he has committed an act "either expected or intended by an insured" under the terms of the policy, or "virtually certain to cause injury," as Arizona insurance law interprets the intentional acts exclusion. *See St. Paul Property & Liab. Ins. Co. v. Eymann,* 166 Ariz. 344, 802 P.2d 1043, 1048 (Ariz.Ct.App.1990) (describing conclusive presumption of intent to injure under insurance exclusion). When Poer shot his wife, he performed an act "virtually certain to cause injury." His assignees argue that the statutory preclusion does not apply because he lacked "the mental capacity to act rationally." *Republic Ins. Co. Co. v. Fiedler,* 178 Ariz. 528, 875 P.2d 187, 191 (Ariz.Ct.App.1994). We do not think Poer's manslaughter conviction can be interpreted so benignly. He acted knowing he would cause harm.

Accordingly, the judgment of the district court is AFFIRMED.